Avery Samet
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Creditor Lyrical Opportunity
Partners, L.P.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FINGER LAKES DEBT PARTNERS, LLC,<br><br>                                  Debtor. | Chapter 11<br><br>Case No. 17-20000-rdd |

**REPLY IN SUPPORT OF MOTION FOR ORDER
CONFIRMING CHAPTER 11 PLAN PROPOSED BY LYRICAL
OPPORTUNITY PARTNERS, L.P. WITHOUT NEED FOR
<u>FURTHER DISCLOSURE OR SOLICITATION</u>**

Creditor Lyrical Opportunity Partners, L.P. ("Lyrical") files this reply in support of its motion for an order confirming its proposed chapter 11 plan (the "Plan") for the above-named Debtor ("Debt Partners") without the need for further disclosure or solicitation of votes to accept or reject the Plan, and respectfully states:[1]

**ARGUMENT**

1.      The Plan satisfies every requirement for confirmation found in the Bankruptcy Code and should be confirmed as the best possible outcome for the bankruptcy estate. The Plan is a fair resolution of all claims asserted against Debt Partners (*i.e.*, those of the IRS and Lyrical), and no claimant or equity holder has objected. Lyrical briefly responds to Debt Partners' objections.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the motion.

2.  <u>First</u>, Debt Partners' principal objection – that this Court must deny confirmation because of the subordination clause in the Note – is irrelevant. This Court need not decide whether or how to enforce the subordination clause, because Lyrical seeks confirmation pursuant to Bankruptcy Code section 1129(b) which applies "notwithstanding" the clause. Section 1129(b) provides, in substance, that a plan can override subordination agreements, and indeed, Debt Partners does not deny that this Court can confirm the Plan notwithstanding the subordination clause. *See In re Tribune Co.¸* 472 B.R. 223, 241 (Bankr. D. Del. 2012); *In re TCI 2 Holdings LLC*, 428 B.R. 1117, 1141 (Bankr. D.N.J. 2010). Therefore, delaying confirmation in order to interpret the subordination clause would serve no purpose.

3.  Even if the Bankruptcy Code did not expressly instruct this Court to disregard the subordination clause, Debt Partners has a weak claim to enforcement of this particular contractual provision. In 2009, Debt Partners expressly – and in writing – agreed that notwithstanding the clause, Debt Partners would satisfy Lyrical's Note ahead of payments to its other equity investors. Specifically, on October 20, 2009, after Tiber defaulted on its obligations to Debt Partners, V. Zubin Mehta of Debt Partners sent an email to Lyrical, Gregory Shalov, and Barry Shalov, stating:

   a. FLDP is currently in default with respect to both the [Lyrical] Note and the Other Investors in FLDP

   b. Both Portadam and Tiber are in default on their loans to FLDP as both underlying operating businesses have been impacted by the overall global economic climate
      . . .

   d. FLDP recognizes [Lyrical's] position that their Note is in a Senior Position to the other investors

   e. Going forward, FLDP will pay all proceeds into FLDP towards [Lyrical's] 17% interest payment first. If in any year, there is excess cash generated by FLDP, it will go to pay down the principal balance of the [Lyrical] Note.

2

(A copy of this email is attached as Exhibit A to this reply.) The parties have acted in accordance with this waiver for over seven years and Debt Partners has made payments on the Note to Lyrical despite the existence of a continuing monetary default. *See*, *e.g.*, *Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 7 N.Y.3d 96, 104 (2006) (citations omitted) ("Contractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned. Such abandonment may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage.").

4.  Moreover, denying confirmation provides little benefit to anyone as Debt Partners acknowledged in Paragraph 11 of its objection that if the subordination clause were given effect, Lyrical would still own at least 84.39% of the Debtor. (Objection at ¶ 11.)[2] Under these circumstances holding up confirmation in order to litigate a subordination clause makes no sense.[3]

5.  Second, Debt Partners also objects to confirmation on the grounds that it "believes there is significant value in its investment in Tiber." (Obj. at ¶ 9.) Putting aside that this objection lacks any evidentiary support as to whether the "significant value" of the Tiber Note exceeds Lyrical's claim,[4] no basis exists for denying confirmation on absolute priority rule grounds because: (1) Debt Partners admitted in its Schedules of Assets and Liabilities that the "current value of [its] interest" in the Tiber Note as of January 2017 was only $3 million (Dkt. No. 1 at

---

[2] Objection of Debt Partners to Motion for Order Confirming Chapter 11 Proposed Plan, Dkt. No. 21 ("Objection" or "Obj.").

[3] Debt Partners further suggests Lyrical does not have a claim because of "the subordinated and 'disguised' equity nature of the … Note. . . ." (Obj. at ¶¶ 13-14). However, the New York County Supreme Court explicitly rejected Debt Partners' argument that Lyrical was not entitled to seek judgment (Motion at Ex. 2) and, as stated above, Section 1129(b) gives Lyrical the right to recover on that judgment pursuant to a cramdown plan.

[4] *See In re Ne. Dairy Co-op. Fed'n, Inc.*, 73 B.R. 239, 248 (Bankr. N.D.N.Y. 1987) (citations omitted) ("[T]he objecting party will still bear the burden of proving the validity of the objections. Once the objecting party has established reasons why the objection(s) should be recognized, the Plan-proponent bears the burden of proving that all the requirements of Code Section 1129(a) have been met.").

Schedule A/B, Part 11, Item 71), which is $2 million less than the amount of Lyrical's claim;[5] (2) there is no dispute that Tiber has not made payments on the Tiber Note since September 2009; and (3) the Delaware Chancery Court found—after trial with substantial evidence and testimony—that Tiber was unlikely to make further payments on the Tiber Note and Tiber is a "total loss." (Motion at ¶11).[6] Further, the decision of the Delaware court has issue preclusive effect on this proceeding as (a) Debt Partners is in privity with Capital Partners, the defendant in the Delaware action and the managing member of Debt Partners; and (b) the Delaware court made the post-trial finding as to the value of Tiber as Capital Partners had asserted that there were no losses in Tiber that Lyrical could "claw back." *See*, *e.g.*, *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 32 (2d Cir. 2017) (decision in prior wind-up proceeding had issue preclusive effect in bankruptcy proceeding).

6. Significantly, even though this case was filed for the express purpose of monetizing the Tiber Note, the record is devoid of evidence that Debt Partners has attempted to do so and the exclusivity has now expired. This not only suggests the amount of Lyrical's claim exceeds the value of the Tiber Note (otherwise Debt Partners would have proposed its own plan by now), it makes the Plan the only possible confirmable plan, and the only conceivable alternative to confirmation of the Plan dismissal or conversion.

7. <u>Third</u>, Debt Partners' remaining objections are without merit and only serve to increase costs and delays in this insolvent bankruptcy case with no other meaningful path forward having been presented:

    a. Debt Partners asserts the Plan improperly caps administrative expenses and provides for an uncertain means of payment. However, Debt

---

[5] *See*, *e.g.*, *In re Jorczak*, 314 B.R. 474, 482–83 (Bankr. D. Conn. 2004) ("That scheduling [of the claim as undisputed and unliquidated] constitutes an admission which, although not binding on the Trustee, is binding upon the Debtors. Accordingly, that admission must be taken as at least some evidence against [the Debtor] that he was liable with respect to the relevant account.") (citation omitted).

[6] Motion for Order Confirming Chapter 11 Plan, Dkt. No. 18 ("<u>Motion</u>").

      Partners' counsel is the only known administrative creditor and it has not asserted its $16,000 retainer has been exhausted or that there are *any* other material administrative claims, let alone claims in excess of the anticipated proceeds of the Tiber Note. Delaying confirmation will only increase administrative expenses which Debt Partners has no ability to pay.

b. Debt Partners asserts the Plan should not be confirmed because it is not accompanied by a formal liquidation analysis. Such analysis, however, is not required under sections 1129(a)(7) or 1125, or necessary where, as here, it is plain from the record that conversion, which would result in the estate incurring trustee fees under Bankruptcy Code section 326 and possibly using what limited cash is generated by the note to engage additional professionals to assist in the liquidation, would result in Lyrical achieving a worse result in chapter 7 than it would under the Plan.

c. While the objection claims the Plan fails to address estate causes of action, Debt Partners acknowledged the Tiber Note is the estate's "sole asset." (Obj. at ¶ 30; *see also* Dkt. No. 1, at Schedule A/B, Part 11, Item 73 (blank response to inquiry regarding causes of action possessed by the estate, whether or not a lawsuit has been filed)).

d. The objection complains about the adequacies of disclosure but Lyrical – as the only stakeholder entitled to vote on the Plan and the Plan proponent – is the only party with standing to complain of any purported disclosure deficiencies. Similarly, the purported infirmities with the

5

Plan's proposal to obtain value from the Tiber Note all would inure to the sole detriment of Lyrical as the estate is hopelessly insolvent.

WHEREFORE, Lyrical requests that this Court enter an order finding that the Plan satisfies the requirements of section 1129, confirming the Plan, and granting such other and further relief as is just and proper.

Dated: July 5, 2017
      New York, New York

STORCH AMINI PC

/s/ Avery Samet
Avery Samet
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Creditor Lyrical Opportunity Partners, L.P.*