Avery Samet
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Creditor Lyrical Opportunity Partners, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FINGER LAKES DEBT PARTNERS, LLC,<br><br>　　　　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 17-20000-rdd |

### **FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

Lyrical Opportunity Partners, L.P. ("Lyrical") hereby proposes the following chapter 11 plan for the above-named Debtor.

**I.   ADMINISTRATIVE AND PRIORITY TAX CLAIMS**

1.1    Administrative Claims Bar Date.  Each holder of a claim entitled to priority under Bankruptcy Code sections 507(a)(2) and 503(b), other than a Fee Claim (defined below) ~~and claim for fees payable under 28 U.S.C. § 1930~~ (an "Administrative Claim"), must file an application for the allowance of the same within thirty days following confirmation hereof.  **Failure to timely file such application shall result in the Administrative Claim being barred and discharged without the need for further approval of the Bankruptcy Court.**

1.2    Administrative Claims.  Each holder of an allowed Administrative Claim shall receive cash in an amount equal to the allowed amount of the claim.

1.3    Fee Claims.  Debtor's counsel of record shall receive cash in the allowed amount of its claim for accrued professional compensation, up to $16,000, provided such counsel files a final fee application within thirty days following confirmation hereof and only to the extent such application is granted.  Payment of the allowed amount of such claim shall be made by Lyrical or the Debtor, as applicable, from Tiber Note (defined below) proceeds.

1.4    Priority Tax Claims.  Proof of Claim No. 1 filed by the Department of the Treasury shall be allowed in the amount of $100.  The Department of the Treasury shall receive a cash payment from Lyrical in the amount of $100 promptly following confirmation hereof, in full and final satisfaction of its claim.

**II.   CLASSIFICATION AND TREATMENT**

2.1    Class 1: Unsecured Claims.  Proof of Claim No. 2 filed by Lyrical shall be allowed in the amount of $4,968,393.43.  The Debtor shall assign to Lyrical that certain note held by the

Debtor and issued by Tiber Inc. in the principal amount of $3 million (the "Tiber Note"), in full and final satisfaction of Lyrical's claim. Lyrical shall also receive the balance of the Debtor's bank account. Class 1 is impaired.

2.2   Class 2: Equity Interests. Each holder of equity interests in the Debtor, as identified in the List of Equity Security Holders, filed January 11, 2017, shall retain its percentage-share ownership interest in the Debtor. Finger Lakes Capital Partners, LLC shall remain the Debtor's managing member. Class 2 is impaired.

### III. MISCELLANEOUS

3.1   Executory Contracts. All executory contracts and unexpired leases not assumed prior to confirmation hereof shall be deemed rejected.

3.2   Operating Agreement. The Debtor's existing operating agreement shall be deemed authorized and shall remain in effect; *provided*, *however*, the operating agreement shall be amended to prohibit the issuance of nonvoting equity securities.

3.3   Vesting of Property. On confirmation of the plan, all estate property shall vest in the Debtor pursuant to Bankruptcy Code section 1141(b), free and clear of all claims and interests, except as provided herein.

3.4   Retention of Jurisdiction. The Bankruptcy Court shall have jurisdiction over all matters arising under, in, out of, or related to this case, the Debtor, or this plan, including jurisdiction to enforce Section 2.1 pursuant to Bankruptcy Code section 1142(b).

3.5   U.S. Trustee Fees. The Debtor shall pay fees payable under 28 U.S.C. § 1930 and 31 U.S.C. § 3717 due and owing at confirmation. Post-confirmation the Debtor shall file post-confirmation reports and pay quarterly fees due to the United States Trustee until entry of a final decree or conversion or dismissal of this case.

3.6   Governing Law. The laws of the State of New York shall govern the construction and implementation hereof.

Dated: ~~June 2~~ July 6, 2017                                LYRICAL OPPORTUNITY PARTNERS, L.P.

                                                              By: /s/ Jeffrey Keswin
                                                              Authorized Person